OPINION OF THE COURT
Alan J. Meyer, J.
Defendant Thomas Tinneny was arrested on May 18, 1989 *738 and charged with the following violations of the Administrative Code of the City of New York: failure to produce and permit examination by police officer of second-hand purchase and sales record book (Administrative Code §20-273 [d]); unlawful storage of acetylene gas (Administrative Code § 27-4099 [a]); and Vehicle and Traffic Law § 415-a (5) (a) (failure of vehicle dismantler to produce dismantler records and vehicles and parts of vehicles).
Defendant moves for dismissal of the charges pursuant to CPL 170.30 (1) (a), (f); 170.35 (1) (c) and 710.20 (1), (4), on the grounds that the crimes charged therein are based on city and State statutes, to wit, Vehicle and Traffic Law § 415-a (5) (a) and New York City Charter § 436, which are violative of article I, § 12 of the NY Constitution.
Section 436 of the New York City Charter is the statute which authorizes the police to implement the sections of the Administrative Code which the defendant is charged with violating. Vehicle and Traffic Law § 415-a (5) (a) requires proprietors and employees of vehicle dismantling businesses to maintain records of all motor vehicles coming into his possession together with a record of the disposition of each vehicle. The statute states "[u]pan request of an agent of the commissioner or of any police officer and during his regular and usual business hours, a vehicle dismantler shall produce such records and permit said agent or police officer to examine them and any vehicles or parts of vehicles which are subject to the record keeping requirements of this section and which are on the premises.”
The sole issue before the court is whether Vehicle and Traffic Law § 415-a (5) (a) is violative of article I, § 12 of the NY Constitution. The United States Supreme Court in New York v Burger (482 US 691) ruled that the statute is not violative of the 4th Amendment, and thus passes Federal constitutional muster.
The treatment by the New York State courts of this so-called chop-shop statute has been inconsistent. In People v Tinneny (99 Misc 2d 962 [Sup Ct, Kings County, June 7, 1979]) a defendant challenged the warrantless search of his vehicle dismantling business. The court noted that "[t]he enactment of section 415-a of the Vehicle and Traffic Law reflects a clear legislative recognition of the necessity for a statutory procedure for the supervision and control of a type of business prone to criminal improprieties” (supra, at 966). The court *739 continued "[t]he legislative intent as enunciated through the statutory arm of section 415-a of the Vehicle and Traffic Law is neither violative of the defendant’s due process rights nor of his Fourth Amendment right to be free from unreasonable searches and seizures” (supra, at 967). The court upheld the validity of the warrantless search stating "[a]s regards section 415-a of the Vehicle and Traffic Law and the exception to the rule that warrantless administrative searches are constitutionally impermissible, the United States Supreme Court has upheld such warrantless searches for 'pervasively regulated’ businesses and for 'closely regulated’ industries Tong subject to close supervision and inspection’ (United States v Biswell 406 US 311; Colonnade Corp. v United States 397 US 72)” (supra, at 968).
In the subsequent case of People v Camme (112 Misc 2d 792 [Sup Ct, Queens County, Feb. 8, 1982]), the defendant challenged the constitutionality of Vehicle and Traffic Law § 415-a. The court noted, "it is clear by the enactment of section 415-a of the Vehicle and Traffic Law that the Legislature has demonstrated its intention to pervasively regulate the vehicle dismantling industry” (supra, at 795, citing People v Tinneny, 99 Misc 2d 962, supra). "It is interesting to note that after the decision in People v Tinneny (supra), the Legislature passed an amendment to section 415-a to allow for inspection of premises of vehicle dismantlers (L 1979, ch 691). It appears that such a quick response to the court decision by the Legislature clearly shows the importance the State government places on the regulation of this industry” (People v Camme, supra, at 795).
The United States Supreme Court, in New York v Burger (482 US 691, 708, supra), in reversing the Court of Appeals decision in People v Burger (67 NY2d 388 [1986]) held that "The New York regulatory scheme satisfies the three criteria necessary to make reasonable warrantless inspections pursuant to § 415-a5. First, the State has a substantial interest in regulating the vehicle-dismantling and automobile-junkyard industry because motor vehicle theft has increased in the State and because the problem of theft is associated with this industry.” "Second, regulation of the vehicle-dismantling industry reasonably serves the State’s substantial interest in eradicating automobile theft” (supra, at 709). "Third, § 415-a5 provides a 'constitutionally adequate substitute for a warrant’ ” (supra, at 711) and is sufficient in " 'time, place and scope’ ”. (Supra, at 711.) In footnote No. 13 the Supreme *740 Court in Burger noted "[bjecause we find the inspection at issue here constitutional under § 415-a5, we have no reason to reach the question of the constitutionality of § 436 of the New York City Charter.” (Supra, at 703.) On remand to the Court of Appeals, where the case could have been considered on New York State constitutional grounds, the case was dismissed on motion of the People because the defendant was not available in the event of affirmance. (70 NY2d 828.)
The recent case of People v Keta (142 Misc 2d 986 [Sup Ct, Queens County, Feb. 21, 1989]) referring to New York City Charter § 436 and Vehicle and Traffic Law § 415-a (5) (a) held that these statutes are violative of the constitutional protections against unreasonable searches and seizures extended to the citizens of New York through NY Constitution, article I, § 12. Although both statutes have been held not to violate the US Constitution 4th Amendment, States are free to interpret their own Constitutions in ways that afford their citizens broader protections than those offered under the Federal Constitution. (People v Keta, 142 Misc 2d 986, supra). The court also made note of a distinction in the underlying facts between Burger (supra) and Keta (supra). "In Burger the police officers asked the defendant * * * for his police book, as required by statute, prior to conducting the search of his yard. * * * In the instant case, however, it was not until after the officers had searched Mr. Keta’s premises and discovered stolen property that they asked to see defendant’s police book.” (Supra, at 991.)
Keta (supra) stated that the Court of Appeals ruling of the unconstitutionality of section 436 was controlling. The Keta court then embarked upon a detailed discussion of New York State’s recent history of recognizing "the independent value of the State’s constitutional traditions” (supra, at 993) even though acknowledging that States "generally follow the mandates handed down by the United States Supreme Court.” (Supra, at 993.)
We disagree with the finding that Vehicle and Traffic Law § 415-a (5) (a) is violative of article I, § 12 of the NY Constitution.
In People v Lopez (NYLJ, Nov. 18, 1987, at 13, col 3) the Appellate Term, Second and Eleventh Judicial Districts, was called upon to make a ruling on the admissibility of evidence seized pursuant to these statutes. The court upheld the lower court’s ruling denying the suppression, citing Vehicle and *741 Traffic Law § 415-a (8) and stated that the search "can be validated under Vehicle & Traffic Law, section 415-a (8) which is for all intents and purposes identical to subsdivision 5 of the section except that it applies to vehicle rebuilders.” (People v Lopez, NYLJ, Nov. 18, 1987, supra, at 14, col 1.) Obviously, therefore, an appellate court has decided the issue of the constitutionality of Vehicle and Traffic Law § 415-a (5) (a), since by affirming the search, the Appellate Term has ruled that Vehicle and Traffic Law § 415-a (5) (a) is constitutional.
It is a well-established exception to the warrant requirement that closely regulated businesses are subject to administrative searches to further the particular regulatory scheme of a given industry. It is indisputable that the automobile dismantling business is heavily regulated, and with good reason. The vast increase in auto thefts and related automobile crimes warrants the regulation of the industry by law enforcement. In balancing the individual’s expectation of privacy in commercial enterprises and the State’s interest in regulating the automobile dismantling business, it becomes apparent that the type of search at issue is the most effective way to discover abuses in the industry.
Defendant’s motion to dismiss the complaint based on the unconstitutionality of Vehicle and Traffic Law § 415-a (5) (a) is denied in all respects. Since the search apparently was conducted pursuant to this statute, this court sees no reason to rule on the constitutionality of New York City Charter § 436.
Further, since defendant’s motion to suppress on these moving papers is based solely on a claim of a search based on an unconstitutional statute, the motion to suppress is denied without a hearing since the court has ruled the statute to be constitutional.